| | |
|---|---|
| ROBERT J. MERRYMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GLOBAL SCAFFOLD CONSTRUCTION SERVICES, INC., | : Case No. 2:22-cv-200 |
| | : |
| and | : |
| | : |
| CHRISTOPHER FANNIN | : |
| | : |
| Defendants. | : |

# NOTICE OF REMOVAL

To: The Honorable Judges of the United States District Court
for the Western District of Pennsylvania

Defendants, Global Scaffold Construction Services, Inc. ("GSCS") and Christopher Fannin ("Fannin") (collectively "Defendants"), in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1332, 1441, and 1446, files this Notice of Removal and removes the action entitled "*Robert Merryman v. Global Scaffold Construction Services, et al.* GD-21-012748" that was originally filed in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Defendants file this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendants in any amount. By filing this Notice of Removal, Defendants do not make any admission of fact, law, or liability, and Defendants expressly reserve the right to raise procedural and/or substantive defenses. Further, by filing this Notice, Defendants do not admit that certification of a class is appropriate in this matter. Removal of this action is based upon the following:

## BACKGROUND

Plaintiff, Robert Merryman, filed a Class Action Complaint on October 15, 2021. A copy of the Complaint is attached as Exhibit A.

On December 14, 2021 Defendants timely filed Preliminary Objections to the Complaint, including, but not limited to, objections to the inclusion of Defendant Fannin.

In response, on January 3, 2022, Plaintiff filed an Amended Complaint, which Plaintiff's counsel emailed to the undersigned counsel for Defendants that same evening. A copy of the Amended Complaint is attached as Exhibit B.

On January 26, 2022, Defendants filed an Answer to the Amended Complaint with New Matter in the Court of Common Pleas of Allegheny County in which they explicitly reserved the right to remove the action to this Court.

Defendants file this Notice of Removal within thirty (30) days of their receipt of the Amended Complaint, from which it was first ascertainable that the case is one which is or has become removable.

## VENUE

The Court of Common Pleas of Allegheny County, where Plaintiff's Amended Complaint was filed, is within this Court's District. This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER
## BASED ON THE CLASS ACTION FAIRNESS ACT

This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1441(a) which provides, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district

court of the United States for the district and division embracing the place where such action is pending."

Federal district courts have original jurisdiction over class actions when (1) there are at least 100 members of the class; (2) there is minimal diversity, *i.e.*, any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million (exclusive of interest and costs). 28 U.S.C. § 1332(d).

Plaintiff purports to bring this action on behalf of himself and "all other similarly situated individuals employed by Defendants at the Shell Cracker Plaint at any time within the three years prior to the commencement of this legal action, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week[.]" *See* Exh. B, ¶ 6.

As alleged in Plaintiff's Amended Complaint: "Defendants have employed more than 600 employees for purposes of providing services in connection with the construction of the Shell Cracker Plant." *See* Exh. B, ¶ 11.

Thus, the proposed class meets the 100-member threshold to confer federal jurisdiction.

The named parties satisfy the minimal diversity requirement. Plaintiff Robert Merryman is a citizen of Pennsylvania. *See* Exh. B, ¶ 2. GSCS is incorporated in Nevada with its principal place of business in Louisiana. *See* Exh. B, ¶ 3.

The amount in controversy exceeds the $5 million requirement.

Plaintiff alleges the class is owed overtime compensation for "compensable work activities performed prior to clocking-in to Defendants' timekeeping system—including but not limited to waiting for a bus at the parking lot assigned by Defendants, riding the bus to the job site, and traveling to the punch clock location." *See* Exh. B, ¶¶ 20-21.

Plaintiff also alleges the class is owed overtime compensation for "compensable work activities performed after clocking-out of Defendants' timekeeping system—including but not limited to traveling from the punch clock location to the bus, waiting for the bus, and riding the bus back to the parking lot as directed by Defendants." *See* Exh. B, ¶¶ 22-23.

Defendants' work on the Shell Cracker Plant project was pursuant to a Project Labor Agreement which set forth the specific worksite requirements including, *inter alia*, compensable work time.

In accordance with the Project Labor Agreement, Plaintiff and members of the putative class worked pursuant to various collective bargaining agreements that provided varying wage rates and fringe benefit payments, depending on classification. An example of one such collective bargaining agreement is Exhibit C, which is an Excerpt from Carpenters' Contract establishing Wage Rates and Fringe Benefits.

The lowest rate was $28.14 per hour for 1st year apprentices and pre-apprentices in 2018. *See* Exh. C.

Assuming an employee at the lowest possible wage rate spends 10 minutes at the beginning of a shift waiting for the bus, riding the bus, and travelling to the punch clock location and 10 minutes at the end of a shift performing those same tasks in reverse (*See* Exh. A, ¶ 14), if the time were compensable, the employee should receive $56.28 in additional compensation per week, or $8,779.68 per year.

As Plaintiff alleges in his Complaint, there are "more than 600" putative plaintiffs.

Therefore, based on Plaintiff's allegations that these putative plaintiffs are owed such compensation for a three-year period, the amount in controversy totals at least $5,267,808,

excluding attorneys' fees, interest, and other monetary damages Plaintiff seeks in the Amended Complaint. Thus, the amount in controversy requirement is met.

## ADDITIONALLY, REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

Additionally, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

There is complete diversity of citizenship between Plaintiff, a Pennsylvania resident, and Defendant GSCS, pursuant to 28 U.S.C. § 1332(a) and (c)(1). In particular:

Plaintiff is a resident of the Commonwealth of Pennsylvania. *See* Exh. B, ¶ 2.

GSCS is incorporated in Nevada with its principal place of business in Louisiana. *See* Exh. B, ¶ 3;

Defendant Fannin is not an "employer" under the Pennsylvania Minimum Wage Act and has been fraudulently joined as a defendant for the sole purpose of defeating diversity jurisdiction. Therefore, the Court should disregard Fannin's residence for the purpose of determining whether diversity jurisdiction exists.

As set forth above, the amount in controversy exceeds $75,000.00.

Accordingly, federal diversity jurisdiction exists, and the entire action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

As required by 28 U.S.C. § 1446(b), Defendants have attached to this Notice of Removal copies of all processes and pleadings Defendants have received in this action. *See* Exhs. A and B.

As required by 28 U.S.C. § 1446(d), copies of this Notice of Removal are this day being served upon all adverse parties and are being filed with the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania.

**WHEREFORE**, Defendants respectfully requests that the State Court Action be removed to this Court.

Respectfully submitted,

DATED: February 2, 2022

/s/      *Larry J. Rappoport*
Larry J. Rappoport (PA ID No. 26922)
Brad M. Kushner (PA ID No. 307429) (*pro hac vice* forthcoming)
brad.kushner@stevenslee.com
Brandon S. Shemtob (PA ID No. 319246) (*pro hac vice* forthcoming)
Stevens & Lee, P.C.
1500 Market Street, East Tower
Suite 1800
Philadelphia, PA  19102
Tele:  (215) 751-1949
Fax:  (610) 371-7906

*Attorneys for Defendants*

# CERTIFICATION OF SERVICE

I hereby certify that on this date a true and correct copy of the attached Notice of Removal was served *via* First Class Mail upon the following counsel of record:

>Joseph J. Pass, Esq.
>Joseph S. Pass, Esq.
>Steven E. Winslow, Esq.
>JUBELIRER, PASS & INTRIERI, P.C.
>Firm # 141
>219 Fort Pitt Blvd.
>Pittsburgh, PA 15222

>*/s/ Brad M. Kushner*
>Brad M. Kushner

Dated: February 2, 2022