# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION-CLASS ACTION

| | |
|---|---|
| ROBERT J. MERRYMAN, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>GLOBAL SCAFFOLD CONSTRUCTION SERVICES, INC., and CHRISTOPHER FANNIN,<br><br>                  Defendants. | CIVIL ACTION<br><br>Case No. GD-21-012748<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Filed on behalf of Plaintiff, Robert J. Merryman, on behalf of himself and all others similarly situated.<br><br>Counsel of Record:<br><br>Joseph J. Pass, Esquire<br>Pa. I.D. # 44<br>E-mail: jjp@jpilaw.com<br><br>Joseph S. Pass, Esquire<br>Pa. I.D. # 88469<br>E-mail: jsp@jpilaw.com<br><br>Steven E. Winslow, Esquire<br>Pa. I.D. # 319437<br>E-mail: sw@jpilaw.com<br><br>Jubelirer, Pass & Intrieri, P.C.<br>Firm #141<br>219 Fort Pitt Boulevard<br>Pittsburgh, Pennsylvania 15222<br>Phone: 412-281-3850<br>Fax: 412-281-1985 |

**NOTICE TO PLEAD:**

To: GLOBAL SCAFFOLD CONSTRUCTION SERVICES, INC., and CHRISTOPHER FANNIN
You are hereby notified to file a written response to the enclosed CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL within twenty (20) days from service hereof or a judgment may be entered against you.

BY:   */s/ Joseph J. Pass*
      Joseph J. Pass, Esquire

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION-CLASS ACTION

| | |
|---|---|
| ROBERT J. MERRYMAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GLOBAL SCAFFOLD CONSTRUCTION SERVICES, INC., and CHRISTOPHER FANNIN, <br><br> Defendants. | Case No. GD-21-012748 |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED in court. IF YOU WISH TO DEFEND against the claims set forth in the following pages, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that IF YOU FAIL to do so, the case may proceed without you and A JUDGMENT may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or other relief requested by the plaintiff. YOU MAY LOSE MONEY OR PROPERTY or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE --   Allegheny County Bar Association
Koppers Building, Suite 400
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: 412-261-6161

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION-CLASS ACTION

| | |
|---|---|
| ROBERT J. MERRYMAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GLOBAL SCAFFOLD CONSTRUCTION SERVICES, INC., and CHRISTOPHER FANNIN, <br><br> Defendants. | Case No. GD-21-012748 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

AND NOW COMES the Plaintiff, Robert J. Merryman, by and through his attorneys, Joseph J. Pass, Esquire, Joseph S. Pass, Esquire, Steven E. Winslow, Esquire, and Jubelirer, Pass & Intrieri, P.C., and brings this action on behalf of himself and all others similarly situated, against Defendants, Global Scaffold Construction Services, Inc. and Christopher Fannin and in support thereof avers as follows:

### I. Nature of Claims

1. This action is brought individually, and as a class action, for unpaid overtime wages and other relief under the Pennsylvania Minimum Wage Act, as amended, 43 P.S. § 333.101 *et seq.* (hereinafter the "PMWA").

### II. Parties

2. Plaintiff, Robert J. Merryman, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 1812 West 11th Street, Beaver Falls, PA 15010 and seeks designation as a Class Representative in this action.

1

3. Defendant, Global Scaffold Construction Services, Inc. ("GSCS"), is a corporation or other legal entity with a principal place of business located at 17900 Excel Boulevard, Walker, LA 70785.

4. Defendant, Christopher Fannin, is an adult individual and citizen of the Commonwealth of Pennsylvania. Mr. Fannin is the Vice President of GSCS and directs and supervises the work and compensation of employees who provide services on behalf of GSCS at the Shell Cracker Plant.[1]

5. At all times relevant hereto, Defendants acted and/or failed to act by and through their duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment and/or agency with one or more of the Defendants.

6. Mr. Merryman brings this action individually and as a class action on behalf of himself and all other similarly situated individuals employed by Defendants at the Shell Cracker Plant at any time within the three years prior to the commencement of this legal action, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of one and one half times their regularly hourly rate for all compensable work activities (hereinafter referred to as the "Putative Class").

### III. Jurisdiction and Venue

7. The Court of Common Pleas of Allegheny County has jurisdiction over this civil action pursuant to 42 Pa.C.S. § 931 and 42 Pa.C.S. § 5322.

---

[1] Defendants were contracted by the Shell Oil Company ("Shell"), Great Arrow Builders LLC, their related corporate entities, and/or agents for the purpose of providing construction services in connection with the construction of the Pennsylvania Petrochemical Complex—a major construction project in Western Pennsylvania. The Pennsylvania Petrochemical Complex is more commonly referred to as the "Shell Cracker Plant" and upon completion will operate for the purpose of converting natural gas into ethylene for use in plastics manufacturing.

2

8. Venue is appropriate in the Court of Common Pleas of Allegheny County pursuant to Pa.R.C.P. 1006 and 2179 because Allegheny County is a location where Defendants regularly conduct business, a place where the causes of action arose, and/or a place of the transactions and occurrences out of which these causes of action arose. Specifically, Defendants direct their employees to report to parking facilities, including locations in Allegheny County, Pennsylvania at 2400 Sweeney Drive, Clinton, Pennsylvania 15026 ("Brown Lot") and 801 Flaugherty Run Road, Coraopolis, Pennsylvania 15108 ("Orange Lot").

## IV. Factual Background

9. Defendants were contracted by the Shell Oil Company ("Shell"), Great Arrow Builders LLC, their related corporate entities, and/or agents for the purpose of providing construction services in connection with the construction of the Pennsylvania Petrochemical Complex—a major construction project in Western Pennsylvania.

10. The Pennsylvania Petrochemical Complex is more commonly referred to as the "Shell Cracker Plant" and upon completion will operate for the purpose of converting natural gas into ethylene for use in plastics manufacturing.

11. Defendants have employed more than 600 employees for purposes of providing services in connection with the construction of the Shell Cracker Plant.

12. Mr. Merryman has been employed by Defendants for approximately 3 years. Mr. Merryman continues to be employed by Defendants through the present.

13. The other members of the Putative Class were employed by Defendants for some, or all, of the period within 3 years prior to the commencement of this action.

14. At all times relevant hereto, Mr. Merryman and the Putative Class were/are hourly, non-exempt "employees" of Defendants.

3

15. Defendants were required to pay Mr. Merryman and the Putative Class time and a half for all hours worked in excess of 40 hours per week.

16. Mr. Merryman and the Putative Class regularly worked and continue to work in excess of 40 hours per workweek and, have not received full payment for all overtime wages.

17. At all times relevant, Defendants failed to pay Mr. Merryman and the Putative Class time and one half for all hours worked in excess of 40 hours per week.

18. Defendants avoided paying Mr. Merryman and the Putative Class for all overtime compensation they are legally entitled to receive through unlawful schemes designed to deprive them of their earned overtime wages.

19. In one such scheme, Defendants failed to pay Mr. Merryman and the Putative Class all overtime compensation owed for compensable work activities performed prior to clocking-in to Defendants' timekeeping system—including but not limited to waiting for a bus at the parking lot assigned by Defendants, riding the bus to the job site, and traveling to the punch clock location.

20. In another such scheme, Defendants failed to pay Mr. Merryman and the Putative Class all overtime compensation owed for compensable work activities performed after clocking-out of Defendants' timekeeping system—including but not limited to traveling from the punch clock location to the bus, waiting for the bus, and riding the bus back to the parking lot as directed by Defendants.

21. These schemes by Defendants have resulted in Mr. Merryman and the Putative Class being denied substantial amounts of overtime compensation they are legally entitled to receive under the Pennsylvania Minimum Wage Act ("PMWA").

## V. Class Action Allegations

22. Mr. Merryman and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

23. Upon information and belief, this action satisfies the class action requirements of Pa. R.C.P. 1702.

24. The Putative Class consists of more than 600 employees and is thus so numerous that joinder of all individual members in this action is impracticable.

25. The total number, and identity, of such individuals is easily identifiable from Defendants' payroll and personnel records.

26. The questions of law and/or fact are common to Mr. Merryman and the members of the Putative Class. In particular, during the relevant class period, Defendants maintained a common practice of failing to pay their employees for overtime for all compensable work activities performed in excess of 40 hours in one week. The facts and evidence pertaining to these practices are common to Mr. Merryman and the Putative Class.

27. Mr. Merryman's claims and/or defenses are typical of the claims and/or defenses of the Putative Class, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Mr. Merryman's asserted claims in this action are sufficiently aligned with the interests of each member of the Putative Class so that pursuit of Mr. Merryman's own interests will benefit the Putative Class as a whole.

28. Mr. Merryman will fairly and adequately protect the interests of the Putative Class because:

   a. Mr. Merryman is represented by experienced counsel who have successfully litigated many complex labor and employment lawsuits arising under state and

5

federal law and are well-prepared to vigorously and competently litigate this action on behalf of each member of the Putative Class;

b. Mr. Merryman and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of each member of the Putative Class; and

c. Mr. Merryman and his counsel have adequate financial resources to assure that the interests of the Putative Class will not be harmed.

29. A class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708 because, among other things:

a. Common questions of law and fact predominate over any questions affecting only individual members of the Putative Class;

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy;

c. The number of members of the Putative Class are easily identifiable through Defendants' payroll, personnel, and computer records and no foreseeable difficulties in the management of this action as a class action exist;

d. The monetary damages sought on behalf of the Putative Class are readily calculated and attributable to each member of the Putative Class;

e. Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual members of the Putative Class were to commence independent actions; and

f. The complexities of the issues and expense of litigating the separate claims of individual class members weighs in favor of class certification.

30. In the instant action, Mr. Merryman will seek and present evidence concerning Defendants' common timekeeping, compensation, and payroll practices.

31. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive.

32. The class action device, when compared to multiple proceedings presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

33. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency.

34. The conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each Class Member, and meets all due process requirements as to fairness to Defendants.

35. Adequate notice of this class action can be provided to the Class Members by direct mail to the Class Members.

36. Because the damages sustained by individual Class Members are relatively small compared to the vast resources of Defendants and the costs of individual litigation, it is impracticable and unrealistic for individual Class Members to independently pursue litigation against Defendants in order to vindicate their individual rights.

## VI. Statement of Claim

### COUNT I
### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT ("PMWA")

37. Mr. Merryman and the Putative Class reallege and restate the above paragraphs as if fully alleged and stated herein.

38. Defendants, individually and collectively, constitute an "employer" of Mr. Merryman and the Putative Class within the meaning of the PMWA.

39. Mr. Merryman and the members of the Putative Class each constitute an "employee" of Defendants within the meaning of the PMWA.

40. At all times relevant hereto, Mr. Merryman and the Putative Class were hourly, non-exempt employees of Defendants under the PMWA. As such, Defendants were required to pay Mr. Merryman and the Putative Class time and one half for all hours worked in excess of 40 hours per week.

41. Due to the nature of the work, Mr. Merryman and the Putative Class regularly worked more than 40 hours per week for Defendants throughout the duration of their employment.

42. Defendants failed to pay Mr. Merryman and the Putative Class for all compensable work activities performed in excess of 40 hours per week.

43. Mr. Merryman and the Putative Class are entitled, pursuant to 43 P.S. § 333.113, to receive actual damages in the amount of all unpaid overtime wages owed by Defendants.

44. Mr. Merryman and the Putative Class are also entitled to receive pre- and post-judgment interest on all unpaid overtime wages owed by Defendants.

45. Mr. Merryman and the Putative Class are also entitled, pursuant to the Pennsylvania Minimum Wage Act, 43 P.S. § 333.113 to an award of reasonable attorneys' fees, expert fees, expenses, and costs.

## VII. Prayer for Relief

**WHEREFORE**, Mr. Merryman and the Putative Class respectfully seek the following relief:

A. A judgment in favor of Mr. Merryman and the Putative Class and against Defendants for the value of all unpaid overtime wages in an amount exceeding $35,000.00;

B. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the PMWA Putative Class;

C. An order certifying a class action based upon claims under the PMWA;

D. An order certifying Mr. Merryman as the representative of the Putative Class;

E. A declaratory judgment that Defendants have willfully and in bad faith violated the wage provisions of the PMWA by denying Mr. Merryman and the Putative Class of their right to overtime compensation for all hours worked in excess of 40 in one week;

F. An order requiring Defendants to provide a complete and accurate accounting of all overtime compensation to which Mr. Merryman and the Putative Class are entitled;

G. Reasonable attorneys' fees, expert fees, expenses, and costs;

H. Pre- and post-judgment interest; and

I. Such further legal or equitable relief as the Court deems just and appropriate.

## VIII. Demand for Jury Trial

Mr. Merryman and the Putative Class hereby demand a trial by jury in this action of all issues so triable.

Respectfully Submitted,

JUBELIRER, PASS & INTRIERI, P.C.

BY: /s/ Joseph J. Pass
Joseph J. Pass, Esquire
Pa. I.D. # 44
E-mail: jjp@jpilaw.com

Joseph S. Pass, Esquire
Pa. I.D. # 88469
E-mail: jsp@jpilaw.com

Steven E. Winslow, Esquire
Pa. I.D. # 319437
E-mail: sw@jpilaw.com

219 Fort Pitt Boulevard
Pittsburgh, PA 15222
Phone: 412-281-3850
Fax: 412-281-1985

*Attorneys for Plaintiff*

## VERIFICATION

I, Robert J. Merryman, being duly sworn according to law, depose and say that the facts set forth in the foregoing Amended Class Action Complaint and Demand for Jury Trial are true and correct based upon my personal knowledge and belief; and I make this statement subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

/s/ Robert J. Merryman
Robert J. Merryman, Plaintiff

DATED: October 15, 2021

LAW OFFICES

JUBELIRER, PASS & INTRIERI, P.C.
219 FORT PITT BOULEVARD, 1st FLOOR
PITTSBURGH, PENNSYLVANIA 15222-1576

16

TO: Global Scaffold Construction Services, Inc.
17900 Excel Boulevard
Walker, LA 70785

FIRST CLASS MAIL

CERTIFIED MAIL

7021 0350 0000 6318 7094